## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND WHITE,                                )
      Petitioner,                        )
                            )
      v.                                        )    Civil Action No. 2:13-cv-0871
                            )
JOHN E. WETZEL, Secretary, Pennsylvania    )
Department of Corrections, and             )    United States Magistrate Judge
THE ATTORNEY GENERAL OF THE                )    Cynthia Reed Eddy
STATE OF PENNSYLVANIA,                     )
      Respondents.                       )

## ORDER

Raymond White ("Petitioner") has filed a Motion for Leave to Proceed In Forma Pauperis ("the IFP Motion") in order to prosecute a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Whether to grant or deny the IFP Motion is committed to the sound discretion of the District Court. *See Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) ("We review the denial of leave to proceed IFP for abuse of discretion."). Furthermore, it is Petitioner's burden to prove entitlement to IPF status. *White v. Gregory*, 87 F.3d 429, 320 (10th Cir. 1996); *In re Lassina*, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.") In the sound exercise of its discretion and after reviewing the IFP Motion, the Court finds that Petitioner has not met his burden to show entitlement to IFP status. The IFP motion and attachments show that Petitioner has sufficient funds available to him in order to pay the $5.00 filing fee and Petitioner has not shown that paying the $5.00 filing fee would "force [him] to abandon what may be a meritorious claim in order to spare himself complete destitution." *Cotto,* 369 F. App'x at 322

(quoting *Jones v. Zimmerman*, 752 F.2d 76, 79 (3d Cir. 1985)).  Accordingly, the IFP Motion is **DENIED**.

Hence, Petitioner is **ORDERED** to pay the $5.00 filing fee on or before **August 30, 2013.**

In an abundance of caution, this Court **STAYS** until August 30, 2013, that portion of this Order which denies Petitioner's IFP Motion.  The Court does so out of a concern for the Statute of Limitations contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d) and its potential impact on the timeliness of the Petition.   The filing and the pendency[1] of an IFP Motion tolls the running of the statute of limitations.  *See, e.g., Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 459 (3d Cir. 1996) ("This is a matter of first impression in this Circuit, but other courts have suspended the running of the statute of limitations during the pendency of an *in forma pauperis* motion.").  To obviate any concerns about the running of the AEDPA statute of limitations, the Court's entering of this Stay of the Order denying the IFP Motion will provide the Petitioner with thirty days in which to pay the $5.00 filing fee.  The Court deems that the effect of this Stay is to permit the IFP Motion to continue pending during these thirty days and hence, the AEDPA statute of limitations is tolled during these thirty days. The Stay will automatically be dissolved at the end of the thirty days

---

[1] Once the court renders a decision on the IFP motion, it no longer is pending and no longer tolls the statute of limitations.

and if no filing fee has been received by the end of the thirty days, the Court will order the case

closed for failure to prosecute.

BY THE COURT:

*s/Cynthia Reed Eddy*
United States Magistrate Judge

cc:     Lisa B. Freeland
        Federal Public Defender's Office
        Email: lisa_freeland@fd.org